ESTATE OF SCHAETTLE: SCHAETTLE and another, Executors, Appellants and Respondents, vs. GILMAN and another, Respondents and Appellants. [Cross-appeals.]

*February 6—March 4, 1930.*

For the plaintiffs Charles Schaettle and others there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *George W. Bunge.*

For the defendants Gilman and Broadfoot there was a brief by *Linderman, Ramsdell & King* and *Farr & MacLeod,* all of Eau Claire, and oral argument by *Arthur W. Mac-Leod.*

FRITZ, J. The only question on this appeal is whether the trial court erred in concluding that $9,400, of which $218 were for expenses, constituted a reasonable award for the services and expenses of Gilman and Broadfoot as attorneys for the executors. The testator's will was drawn by S. G. Gilman, who was therein designated to act as attorney for the estate and to protect the interest therein of the testator's wife. There was no contest as to the admission to probate or the construction of the will. It provided for substantial,

specific bequests and legacies to the wife, and also to the testator's sister and three brothers, who were also the residuary legatees. The widow elected not to take under the will. The three brothers were designated and qualified as executors, and until their appointment one of them served as special administrator. None of them was familiar with the testator's assets or affairs, and for information as to those matters all were largely dependent upon Gilman and the surviving widow, with both of whom the testator had frequently conferred. In addition to the usual formal proceedings, the administration of the estate was complicated to an extraordinary extent by conditions and circumstances which, unfortunately, frequently involve estates and the parties interested in protracted and costly litigation. The record presents a pleasing instance of a large estate, which has been well administered by reason, largely, of the efficient legal services and sound business judgment and experience of the executors' attorneys, who promptly and impartially, without court contests, advantageously adjusted all claims made by and against the estate, as well as all conflicts between the beneficiaries.

Thus, because of Gilman's knowledge, and the executors' lack of knowledge, of the testator's affairs, and because two of the executors resided elsewhere, and there were conflicts between their respective interests and the interests of the estate, the executors properly left to their attorneys the preparation of the inventory, the ascertainment of the values of the securities and the appraisal thereof, the current accounting for income and disbursements, and the preparation of reports for inheritance and income-tax purposes. Likewise, the attorneys properly attended to the ascertainment and settlement (for $6,000 and $15,500, respectively) of the estate's partnership interests in two mercantile businesses, in one of which one of the executors was the surviving partner, and in neither of which there had been an accounting between the partners for over fifteen years. Extraordinary

services also were necessary because the state claimed that the estate, and also the testator's mercantile partnerships, were liable for additional income taxes aggregating $39,691.75, for unreported income during the years 1916 to 1924. After extended investigations, conferences, and hearings, the attorneys settled those claims with a total saving to the estate of $21,384.27. Among minor matters adjusted that involved a conflict of interests which, but for wise counsel, might readily have disrupted the harmonious and expeditious administration of the estate, were claims for $9,000 against a son of the appellant Anna Seiler, and for $2,000 against Romeo R. Schaettle, one of the executors who appealed.

The foregoing matters demonstrate that the administration of the estate necessarily required legal services and imposed responsibilities upon the executors' attorneys that differed materially from the legal services required in *Will of Willing,* 190 Wis. 406, 209 N. W. 602. All that was said in that case in relation to determining the proper amount of compensation for legal services should govern counsel and the courts in passing upon that subject. In the case at bar the record discloses that the court endeavored to follow the method stated in the *Willing Case.* Messrs. Gilman and Broadfoot contend that the compensation allowed by the court is inadequate. However, as they functioned from day to day, they did not keep any daily record of the time actually expended by them on behalf of the executors of the estate. In the absence of such record it was within the province of the court, under the facts and circumstances which were established by the evidence, to find, as it did, that the time which the attorneys necessarily spent for the executors was about 262 days. Likewise, although there was credible testimony that the reasonable value of some of such services exceeded $35 per day, or $9,170 for all services performed, it was not error for the court, upon applying his knowledge and experience in such matters to the evidence, to conclude that $9,170 constituted fair and reasonable compensation for

the services which Gilman and Broadfoot performed for the executors. In reaching that conclusion the court did not overlook the excellence of the attorneys' services, for he expressly found that—

"The case was well handled and required a great deal of time; just how much time it is difficult to determine. The work was hard, and the attorneys should be paid for every day they worked the same as any other laborer or professional man."

On the other hand, as a lawyer and judge of the county court, "the value of services rendered by attorneys to executors or trustees is a matter within his knowledge and experience and he is not concluded by the testimony offered in support of the claim." *Will of Willing, supra,* p. 412.

As there is no dispute as to the amount of the expenses incurred by the attorneys, and no reversible error in the court's award of $9,400 for services and expenses to be paid to Gilman and Broadfoot out of the estate, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.